B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>District of Delaware | VOLUNTARY PETITION |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Victor Oolitic Stone Company** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Attached Other names used by Debtor** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**27-1314823** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one state all): |
| Street Address of Debtor (No. and Street, City and State):<br>**301 Main Street**<br>**Oolitic, IN 47451** | Street Address of Joint Debtor (No. and Street, City and State): |
| County of Residence or of the Principal Place of Business:<br>**Bartholomew County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**P.O. Box 27**<br>**Oolitic, IN 47451** | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor (if different from street address above):

| Type of Debtor<br>Form of Organization<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>*check this box and state type of entity below)* | ☐ Health Case Business<br>☐ Single Asset Real Estate as defined<br>11 USC § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7           ☐ Chapter 15 Petition<br>☐ Chapter 9             for Recognition of a<br>☒ Chapter 11           Foreign Main<br>☐ Chapter 12           Proceeding<br>☐ Chapter 13           ☐ Chapter 15 Petition<br>                                       for Recognition of a<br>                                       Foreign Nonmain<br>                                       Proceeding |
| **Chapter 15 Debtors**<br>Country of debtor's main interest:<br><br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily           ☒ Debts are primarily<br>consumer debts, defined in       business debts.<br>11 U.S.C. §101(8) as<br>"incurred by an individual<br>primarily for a personal,<br>family, or household<br>purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee Attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is unable<br>to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach<br>signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliate) are less than $2,490,925 (amount subject to adjustment on<br>4/01/16 and every three years thereafter).<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of<br>creditors, in accordance with 11 U.S.C. §1126(B). |

| Statistical/Administrative Information | THIS SPACE FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-299 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | 500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | 500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1) (04/13) Page 2

| VOLUNTARY PETITION (This page must be completed and filed in every case.) | Name of Debtor(s): **Victor Oolitic Stone Company** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: VO Stone Holdings Inc. | Case Number: | Date Filed: |
|---|---|---|
| District: District of Delaware | Relationship: Parent | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice require by 11 U.S.C. § 342(b).

Signature of Attorney for Debtor(s)    (Date)

### Exhibit C

Does the debtor own or have posession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made part of this petition.

☒ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this district, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be servied in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgement against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgement)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgement for possession, after the judgment for possesion was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C § 362(1)).

B1 (Official Form 1) (04/13) Page 3

| VOLUNTARY PETITION<br>(This page must be completed and filed in every case.) | Name of Debtor(s):<br>**Victor Oolitic Stone Company** |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in the petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>_____<br>*(Signature of Foreign Representative)*<br><br>_____<br>*(Printed Name of Foreign Representative)*<br><br>_____<br>*Date* |
| _____<br>*Signature of Debtor*<br><br>_____<br>*Signature of Joint Debtor*<br><br>_____<br>*Telephone Number*<br><br>_____<br>*Date* | |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| *Signature of Attorney for Debtor(s)*<br><br>Derek C. Abbott (No. 3376)<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>Wilmington, DE 19801<br>Email Address: dabbott@mnat.com<br>Phone: 302-351-9357  Fax: 302-425-4664<br><br>*/s/ signed/*<br><br>AND<br><br>Paul W. Linehan (OH# 0070116)<br>McDonald Hopkins LLC<br>600 Superior Avenue East<br>Suite 600<br>Cleveland, OH 44114<br>Email Address: plinehan@mcdonaldhopkins.com<br>Phone: 216-348-5400  Fax: 216-348-5474<br><br>2/17/14<br>*Date*<br><br>\* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notices of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>*Printed Name and title, if any, of Bankruptcy Petition Preparer*<br><br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)<br><br>_____<br>*Address*<br><br>_____<br>*Signature of Preparer*<br><br>_____<br>*Date*<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person, individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>*/s/ signed/*<br>*Signature of Authorized Individual*<br>Terrence J. Reutell<br>*Printed Name of Authorized Individual*<br>**Chief Financial Officer**<br>*Title of Authorized Individual*<br>FEBRUARY 17, 2014<br>*Date* | A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 100; 18 U.S.C. § 156. |

B1 (Official Form 1) (04/13) — Page 3

| VOLUNTARY PETITION<br>(This page must be completed and filed in every case.) | Name of Debtor(s):<br>**Victor Oolitic Stone Company** |
|---|---|

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in the petition is true and correct.

_Signature of Debtor_

_Signature of Joint Debtor_

_Telephone Number_

_Date_

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

_(Signature of Foreign Representative)_

_(Printed Name of Foreign Representative)_

_Date_

---

**Signature of Attorney***

_Signature of Attorney for Debtor(s)_

Derek C. Abbott (No. 3376)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801
Email Address: dabbott@mnat.com
Phone: 302-351-9357  Fax: 302-425-4664

AND

Paul W. Linehan (OH# 0070116)
McDonald Hopkins LLC
600 Superior Avenue East
Suite 600
Cleveland, OH 44114
Email Address: plinehan@mcdonaldhopkins.com
Phone: 216-348-5400  Fax: 216-348-5474

February 17, 2014
_Date_

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b), and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notices of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_Printed Name and title, if any, of Bankruptcy Petition Preparer_

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)

_Address_

_Signature of Preparer_

_Date_

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person, individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 100; 18 U.S.C. § 156.

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_Signature of Authorized Individual_
**Terrence J. Reutell**
_Printed Name of Authorized Individual_
**Chief Financial Officer**
_Title of Authorized Individual_

_Date_

## ATTACHMENT TO VOLUNTARY PETITION

**All Other Names used by the Debtor in the last 8 years
(include married, maiden, and trade names):**

Indiana Limestone Company, Inc.
Johnson Ventures II
Victor Acquisition Corp.

## OFFICER'S CERTIFICATE

The undersigned, being the duly elected Chief Financial Officer of Victor Oolitic Stone Company, an Indiana corporation (the "Corporation"), does hereby certify on behalf of the Corporation that the following resolutions were duly adopted by the Board of Directors of the Corporation by unanimous written consent and such resolutions have not been modified or rescinded and are in full force and effect as of the date hereof.

Dated: FEBRUARY 17, 2014

Terrence J. Reutell
Chief Financial Officer

{4689578:2}

## UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## VICTOR OOLITIC STONE COMPANY

Pursuant to the authority contained in IC 23-1-36-1, the undersigned, being all of the members of the Board of Directors of Victor Oolitic Stone Company, an Indiana corporation (the "Corporation"), do hereby consent to the adoption of the following resolutions, which resolutions shall be deemed to be adopted as of the date hereof to the same extent and to have the same force and effect as if such resolutions were adopted by a unanimous vote at a duly convened meeting held on February 17, 2014 for such purpose:

### Bankruptcy Authorization

RESOLVED, that it is in the best interests of the Corporation, its creditors, employees, and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

RESOLVED, that the Chief Financial Officer, or President of the Corporation (each and individually an "Authorized Officer," and collectively, the "Authorized Officers") is hereby authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and verify a petition for relief under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware, at such time as said officer executing the same shall determine; and

RESOLVED, that the law firm of McDonald Hopkins LLC, 600 Superior Avenue, East, Suite 2100, Cleveland, Ohio 44114 is hereby employed as attorneys for the Corporation in the Corporation's chapter 11 case, subject to bankruptcy court approval; and

RESOLVED, that Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, is hereby employed as Delaware attorneys for the Corporation in the Corporation's chapter 11 case, subject to bankruptcy court approval; and

RESOLVED, that Quarton Partners, LLC, 300 Park Street, Suite 480, Birmingham, MI 48009, is hereby employed as financial and restructuring advisors for the Corporation's chapter 11 case, subject to bankruptcy court approval; and

RESOLVED, that the Authorized Officers of the Corporation are hereby authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds which they deem necessary, proper, or desirable in connection with the Corporation's chapter 11 case, with a view to the successful prosecution of such chapter 11 case; and

RESOLVED, that the Authorized Officers of the Corporation are hereby authorized, empowered and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities,

certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper and desirable to prosecute to a successful completion the Corporation's chapter 11 case, to effectuate the restructuring of the debt, other obligations, organizational form and structure and ownership of the Corporation consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

**Debtor in Possession Credit Facility**

RESOLVED, that, in connection with the chapter 11 case, it is in the best interests of the Corporation to enter into a debtor-in-possession credit facility in the amount of $3.5 million (the "Financing Transaction") with Indiana Commercial Finance, LLC ("Lender" or "Purchaser"); and

RESOLVED, that, in connection with the Financing Transaction, it is in the best interest of the Corporation to move the Bankruptcy Court for the District of Delaware for authority to enter into the Financing Transaction, on a post-petition basis, on substantially the same terms as that certain Amended and Restated Credit Agreement dated as of November 15, 2010, by and between Corporation and Indiana Commercial Finance, LLC the Lender (as amended, modified or restated from time to time) and any related document to be executed by the Corporation in connection with the Financing Transaction (all of the foregoing are collectively referred to herein as the "Financing Documents"); and

RESOLVED, that the terms and conditions of the Financing Documents are hereby approved; and

RESOLVED, that the Authorized Officers of the Corporation, or any one of them, are hereby authorized and empowered to execute, deliver and perform, for and on behalf of the Corporation, the Financing Documents with such additional, modified or revised terms as may be acceptable to any such officer, with the approval thereof by the board of directors being conclusively evidenced by such officer or officers' execution thereof; and

RESOLVED, that the Authorized Officers of the Corporation, or any one of them, are hereby authorized and empowered for and on behalf of the Corporation to grant Lender a security interest in all of the real and personal property and assets of the Corporation, including, without limitation, all accounts, inventory, equipment, fixtures, chattel paper, commercial tort claims, instruments, documents, letter of credit rights and letters of credit, investment property and general intangibles and the proceeds thereof, to secure repayment of the Corporation's obligations under the Financing Documents; and

RESOLVED, that the Authorized Officers of the Corporation, or any one of them, are hereby authorized and empowered for and on behalf of the Corporation: (i) to negotiate, execute and deliver all other agreements, certificates, other documents and instruments contemplated by the Financing Documents, with such additional, modified or revised terms as may be acceptable to such officer of the Corporation, with the approval thereof by the board of directors being conclusively evidenced by any such officer's execution thereof; and (ii) to carry out, perform in accordance with,

amend or otherwise modify any arrangements, instruments or agreements at any time existing between the Corporation and the Lender; and

RESOLVED, that the Authorized Officers of the Corporation, or any one of them, are hereby authorized and directed to take or cause to be taken any and all such additional actions on behalf of the Corporation, including the payment of closing fees, transactions fees, expenses and other transaction costs arising in connection with the Financing Transaction, in the name and on behalf of the Corporation, as in any such officer's judgment is necessary, desirable or appropriate in order to consummate the transactions contemplated by or to otherwise effect the purposes or intent of the foregoing resolutions; and

### Asset Purchase Agreement

RESOLVED, that, in connection with the chapter 11 case, the Authorized Officers of the Corporation are hereby authorized and directed to negotiate, execute, deliver and perform for and on behalf of the Corporation any and all documents (the "Transaction Documents") to be executed by the Corporation in connection with the sale of substantially all of the assets of the Corporation to the Purchaser (the "Transaction"); and

RESOLVED, that the Authorized Officers are hereby authorized and empowered for and on behalf of the Corporation: (i) to negotiate, execute and deliver all other agreements, certificates, other documents and instruments contemplated by the Transaction Documents, and (ii) to carry out, perform in accordance with, amend or otherwise modify any arrangements, instruments or agreements at any time existing between the Corporation and the Purchaser; and

RESOLVED, that the Authorized Officers are hereby authorized and directed to take or cause to be taken any and all such additional actions on behalf of the Corporation, including the payment of closing fees, transaction fees, expenses and other transaction costs arising in connection with the Transaction Documents, in the name and on behalf of the Corporation, as in such Authorized Officer's judgment are necessary, desirable or appropriate in order to consummate the transactions contemplated by or to otherwise effect the purposes or intent of the foregoing resolutions; and

### Ancillary Agreements; General

RESOLVED, that any of the Authorized Officers be, and each hereby are, authorized and empowered to take all such further actions including, without limitation, to arrange for and enter into supplemental agreements, instruments, certificates or documents relating to the transactions contemplated by the foregoing resolutions as such appropriate officers deem to be necessary, proper or advisable in their sole judgment and to execute and deliver all such supplemental agreements, instruments, certificates or documents in the name and on behalf of the Corporation, which shall in their sole judgment be necessary, proper or advisable in order to perform the Corporation's obligations under or in connection with or pursuant to the foregoing resolutions, and to carry out fully the intent of the foregoing resolutions; and

RESOLVED, that all of the acts of the officers, employees or agents of the Corporation for and on behalf of the Corporation in connection with the transactions described or referred to in these resolutions, whether heretofore or hereafter done or performed, which are in conformity with the intent and purposes of these resolutions and the agreements and instruments referred to herein are hereby ratified, confirmed and approved in all respects; and

This Action may be executed in multiple counterparts, each of which shall be deemed an original and all of which constitute one action, and the signature of any of the undersigned to any counterpart shall be deemed to be a signature to, and may be appended to, any other counterpart. Delivery of this Action may be made by facsimile, and facsimile signatures shall be treated as original signatures for all applicable purposes.

IN WITNESS WHEREOF, the undersigned have consented to the above resolutions as of the 17th day of February, 2014.

_____
Duffe Elkins

_____
Terrence J. Reutell

**BOARD OF DIRECTORS**

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re   Victor Oolitic Stone Company
                Debtor

Case No. _____
Chapter  11 _____

## CONSOLIDATED
## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Richard L. Johnson, Jr. c/o Johnson Ventures, Inc. 417 Washington Street Columbus, IN 47201 | Richard L. Johnson, Jr. c/o Johnson Ventures, Inc. 417 Washington Street Columbus, IN 47201 ph: 812-373-4033 fx: 812-373-4038 | LOAN - PROMISSORY NOTE | | $2,385,556.00 |
| Kevin Martin c/o Johnson Ventures, Inc. 417 Washington Street Columbus, IN 47201 | Kevin Martin c/o Johnson Ventures, Inc. 417 Washington Street Columbus, IN 47201 ph: 812-373-4033 fx: 812-373-4038 | LOAN - PROMISSORY NOTE | | $129,792.00 |
| Mac Allister Machinery Co. Inc. 7515 East 30th Street Indianapolis, IN 46219 | Mac Allister Machinery Co. Inc. 7515 East 30th Street Indianapolis, IN 46219 ph: 317-545-2151 fx: 317-860-3310 | ACCOUNTS PAYABLE | | $87,135.00 |
| Diamond Stone Technologies Inc. Greg Smoot 2710 John Williams Blvd. P.O. Box 881 Bedford, IN 47421 | Diamond Stone Technologies Inc. Greg Smoot 2710 John Williams Blvd. P.O. Box 881 Bedford, IN 47421 ph: 812-277-9850 fx: 812-277-9851 | ACCOUNTS PAYABLE | | $66,648.00 |
| Process Machinery Inc. 1636 Issac Shelby Drive Shelbyville, KY 40065 | Process Machinery Inc. 1636 Issac Shelby Drive Shelbyville, KY 40065 ph: 866-472-8844 fx: 715-472-8845 | ACCOUNTS PAYABLE | | $45,000.00 |
| Gary Wade Trucking Inc. Jennifer - Acct Receivable 1202 Breckenridge Road Bedford, IN 47421 | Gary Wade Trucking Inc. Jennifer - Acct Receivable 1202 Breckenridge Road Bedford, IN 47421 ph: 812-279-0559 fx: 812-279-3404 | ACCOUNTS PAYABLE | | $39,345.00 |

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re   **Victor Oolitic Stone Company**,   Case No. _____
        Debtor                                Chapter  11

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Greene County Pallets, Inc. Blake 6268 East State Road 54 Bloomfield, IN 47424 | Greene County Pallets, Inc. Blake 6268 East State Road 54 Bloomfield, IN 47424 ph: 812-825-8372 fx: 812-825-9480 | ACCOUNTS PAYABLE | | $38,806.00 |
| Duke Energy Attn: Legal Dept. 550 South Tryon Street Charlotte, NC 28202-4200 | Duke Energy Attn: Legal Dept. 550 South Tryon Street Charlotte, NC 28202-4200 ph: 704-594-6200 fx: 704-382-3814 | ACCOUNTS PAYABLE | | $34,762.00 |
| Process Machinery Inc. 1636 Issac Shelby Drive Shelbyville, KY 40065 | Process Machinery Inc. 1636 Issac Shelby Drive Shelbyville, KY 40065 ph: 866-472-8844 fx: 715-472-8845 | ACCOUNTS PAYABLE | | $28,737.00 |
| Resilience Management Inc. 25101 Chagrin Blvd. Suite 350 Cleveland, OH 44122 | Resilience Management Inc. 25101 Chagrin Blvd. Suite 350 Cleveland, OH 44122 ph: 216-292-0200 fx: 216-292-4750 | ACCOUNTS PAYABLE | | $26,382.00 |
| Jones Oil Company Derek 314 4th Street Shoals, IN 47581 | Jones Oil Company Derek 314 4th Street Shoals, IN 47581 ph: 812-247-3183 fx: 323-564-6656 | ACCOUNTS PAYABLE | | $25,648.00 |
| Sparks Commercial Tires, Inc. Beth - Acct Receivable 16764 Ohio 12 Findlay, OH 44804 | Sparks Commercial Tires, Inc. Beth - Acct Receivable 16764 Ohio 12 Findlay, OH 44804 ph: 765-653-6989 fx: 765-653-3524 | ACCOUNTS PAYABLE | | $23,321.00 |
| Salesforce.com Inc. One Market, Suite 300 San Francisco, CA 94105 | Salesforce.com Inc. One Market, Suite 300 San Francisco, CA 94105 ph: 415-901-7000 fx: 302-655-5049 | ACCOUNTS PAYABLE | | $21,282.00 |
| Frontier Paper & Packaging Haleigh 2000 Executive Drive Indianapolis, IN 46241 | Frontier Paper & Packaging Haleigh 2000 Executive Drive Indianapolis, IN 46241 ph: 317-837-0562 fx: 317-834-0568 | ACCOUNTS PAYABLE | | $20,941.00 |

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re   Victor Oolitic Stone Company   ,
                Debtor

Case No. _____
Chapter  11

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Kortzendorf Machine & Tool Co.<br>1450 Sunday Drive<br>Indianapolis, IN 46217-9339 | Kortzendorf Machine & Tool Co.<br>1450 Sunday Drive<br>Indianapolis, IN 46217-9339<br><br>ph: 317-783-5449<br>fx: 317-784-6484 | ACCOUNTS PAYABLE | | $18,920.00 |
| Brandeis Machine & Supply<br>8410 Zionsville Road<br>Indianapolis, IN 46268-1524 | Brandeis Machine & Supply<br>8410 Zionsville Road<br>Indianapolis, IN 46268-1524<br><br>ph: 317-872-8410<br>fx: 317-872-8417 | ACCOUNTS PAYABLE | | $18,387.00 |
| Columbus Industrial Electric Inc.<br>1625 Indianapolis Road<br>Columbus, IN 47201 | Columbus Industrial Electric Inc.<br>1625 Indianapolis Road<br>Columbus, IN 47201<br><br>ph: 812-372-8414<br>fx: 812-372-0492 | ACCOUNTS PAYABLE | | $15,979.00 |
| Right Diamond<br>805 Hillbig Road<br>Conroe, TX 77301 | Right Diamond<br>805 Hillbig Road<br>Conroe, TX 77301<br><br>ph: 936-521-1593<br>fx: 936-788-2222 | ACCOUNTS PAYABLE | | $15,800.00 |
| Bearing Distributors, Inc.<br>23432 Commerce Park<br>Cleveland, OH 44122 | Bearing Distributors, Inc.<br>23432 Commerce Park<br>Cleveland, OH 44122<br><br>ph: 502-423-7586<br>fx: 502-423-4352 | ACCOUNTS PAYABLE | | $14,854.00 |
| Hollers Welding LLC<br>13983 East Gardner Road<br>Bloomington, IN 47403 | Hollers Welding LLC<br>13983 East Gardner Road<br>Bloomington, IN 47403<br><br>ph: 812-360-7532 | ACCOUNTS PAYABLE | | $14,365.00 |

B 6D (Official Form 6D)(12/07)

In re __Victor Oolitic Stone Company__
           Debtor

Case No._____
(If known)

# DECLARATION REGARDING LIST OF CREDITORS

## DECLARATION UNDER PENALTY OF PERJURY REGARDING the TOP 20 UNSECURED CLAIMS ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Terrence J. Reutell, the Chief Financial Officer of the Victor Oolitic Stone Company named as debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors holding 20 largest unsecured claims, and that they are true and correct to the best of my knowledge, information, and belief.

Date: __FEBRUARY 17, 2014__

Signature: _____
Chief Financial Officer

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C.§§ 152 and 3571

# UNITED STATES BANKRUPTCY COURT

### District of Delaware

In re: __Victor Oolitic Stone Company__,  
                        Debtor

Case No. _____  
Chapter __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Fed. R. Bank. P. 1007(a)(3) for filing in this chapter 11 case.

| Name and last know address or place of business of holder | Security Class | Number of Shares or Securities | Kind of Interest |
|---|---|---|---|
| VO Stone Holdings, Inc.<br>301 Main Street<br>Oolitic, IN 47451 | EQUITY | 200.0000 | Common |

B 6D (Official Form 6D)(12/07)

In re **Victor Oolitic Stone Company**
Debtor

Case No. _____
(If known)

## DECLARATION CONCERNING DEBTOR'S EQUITY

### Equity Holder List

I, Terrence J. Reutell the undersigned authorized officer of Victor Oolitic Stone Company, named in this case as (the "Debtor"), declare under penalty that I have read the foregoing and it is true and correct to the best of my knowledge, information, and belief.

Date: FEBRUARY 17, 2014

Signature: _____
Chief Financial Officer

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re:  __Victor Oolitic Stone Company__ ,
                    Debtor

Case No. _____
Chapter __11__

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1, the following is a list of corporations that directly or indirectly own ten percent(10%) or more of any class of the above captioned debtor's equity interests or states that there are no entities to report:

| Name and last know address or place of business of holder | Number of Shares or Securities |
|---|---|
| VO Stone Holdings, Inc.<br>301 Main Street<br>Oolitic, IN 47451 | 100% |

B 6D (Official Form 6D)(12/07)

In re __Victor Oolitic Stone Company__
           Debtor

Case No._____
(If known)

# DECLARATION CONCERNING DEBTOR'S CORPORATE OWNERSHIP STATEMENT

## Corporate Ownership Statement

I, Terrence J. Reutell the undersigned authorized officer of Victor Oolitic Stone Company, named in this case as (the "Debtor"), declare under penalty that I have read the foregoing and it is true and correct to the best of my knowledge, information, and belief.

Date: FEBRUARY 17, 2014

Signature: _[signed]_
Chief Financial Officer