UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
VICTOR OOLITIC STONE COMPANY, : Case No. 14-10311 (CSS)
d/b/a INDIANA LIMESTONE CO., et al.,[1] :
: (Jointly Administered)
Debtors. :
: RE: D.I. 14
------------------------------------------------------------ x

**ORDER (A) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES, (B) AUTHORIZING AND APPROVING AN EXPENSE REIMBURSEMENT, (C) APPROVING THE NOTICE PROCEDURES, (D) APPROVING THE ASSIGNMENT PROCEDURES, AND (E) SETTING A DATE FOR THE SALE HEARING**

Upon the motion (the "Motion") of VO Stone Holdings, Inc. and Victor Oolitic Stone Company (each, a "Debtor" and collectively, the "Debtors") for entry of an order pursuant to sections 105, 363, 365, 503 and 507 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Local Rule 6004-1: (a) authorizing and approving the bidding procedures in the form attached hereto as Exhibit 1 (the "Bidding Procedures"), (b) authorizing and approving the terms and conditions of the Expense Reimbursement,[2] (c) approving the Notice Procedures, (d) approving the Assignment Procedures, and (e) setting the time, date, and place of the Sale Hearing; and upon consideration of the declaration of Terrance J. Reutell (the "Reutell Declaration") [D.I. 2]; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334; and the

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): VO Stone Holdings, Inc., a Delaware corporation (4952); and Victor Oolitic Stone Company, an Indiana corporation (4823). The Debtors' address is 301 Main Street, Oolitic, IN 47451.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

8083716

Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is necessary and in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Motion at the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, in the Reutell Declaration, and at the Hearing establish just cause for the relief granted herein; and no objections to the relief requested in the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

A.  The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, and the Bidding Procedures to be employed in connection therewith.

B.  The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including without limitation, (a) authorizing and approving the Bidding Procedures, (b) authorizing and approving the terms and conditions of the Expense Reimbursement, (c) approving the Notice Procedures, (d) approving the Assignment Procedures, and (e) setting the time, date, and place of the Sale Hearing.

C.  The Bidding Procedures are fair and reasonable.

D.  The Expense Reimbursement was a material inducement to the Stalking Horse Bidder to submit the bid that will serve as a minimum or floor bid on which the Debtors, their

creditors, suppliers, vendors, contract parties and other bidders may rely. The Stalking Horse Bidder has provided a material benefit to the Debtors, their estates and their creditors by increasing the likelihood that the best possible price for the Purchased Assets will be recovered by the Debtors. Accordingly, the Bidding Procedures and the Expense Reimbursement are reasonable and appropriate and represent the best method for maximizing the value for the benefit of the Debtors, their estates and creditors.

E.    The Debtors have demonstrated that the Expense Reimbursement is an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of Bankruptcy Code § 503(a), and of substantial benefit to the Debtors' estates by inducing the Stalking Horse Bidder's bid, which has established a bid minimum for other bidders for the Purchased Assets, thereby ensuring that during the Auction, if any, the Debtors receive the highest or best bid possible for the Purchased Assets.

F.    The Notice Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, Sale and Sale Hearing.

G.    The Assignment Procedures are appropriate and reasonably calculated to provide all counterparties to the Assumed Contracts with proper notice of the potential assumption and assignment of the Assumed Contracts.

H.    The entry of this Bidding Procedures Order is in the best interest of the Debtors, their estates, their creditors, and other parties-in-interest.

**IT IS HEREBY ORDERED, JUDGED AND DECREED THAT:**

1.    The Motion is **GRANTED** as set forth herein.

2.    The Bidding Procedures, in substantially the form annexed hereto as <u>Exhibit 1</u>, are **APPROVED** and the terms thereof are incorporated herein as if fully set forth herein and

shall apply with respect to the proposed sale of the Purchased Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

3.  As further described in the Bidding Procedures, the deadline for submitting bids for the Purchased Assets is April 11, 2014, at 10:00 a.m. (prevailing Eastern Time) (the "Bid Deadline").

4.  Pursuant to Bankruptcy Rule 6004(f)(1), the Debtors are authorized to conduct an Auction in respect of the Purchased Assets pursuant to the terms and conditions set forth herein.

5.  If Qualified Bids are received by the Debtors in accordance with the Bidding Procedures, the Auction shall take place on April ~~15~~ 14, 2014, at ~~10:00 a.m.~~ 1:00 p.m. (prevailing Eastern Time) at the offices of McDonald Hopkins, LLC, 600 Superior Avenue, East, Suite 2100, Cleveland, Ohio 44114-2653, or such other location and time as designated by the Debtors in a notice to all Qualified Bidders and Official Committee of Unsecured Creditors (if one is formed). If, however, no Qualified Bid is received (other than the Stalking Horse Agreement), the Auction will not be held and the Debtors shall immediately seek the Court's approval of the sale to the Stalking Horse Bidder pursuant to the Stalking Horse Agreement.

6.  Reasonable notice of any adjournment and the time and place for the resumption of the Auction shall be given to the Stalking Horse Bidder, all other Qualified Bidders, the Lender and Official Committee of Unsecured Creditors (if one is formed).

7.  Each Qualified Bidder at the Auction will be required to confirm that it has not engaged in any collusion with respect to its bidding on the Purchased Assets.

8.  Only the authorized representatives (including counsel and other advisors) of each of the Qualified Bidders (including the Stalking Horse Bidder), the Debtors, the Lender, the Official Committee of Unsecured Creditors (if one is formed) and any other party in interest or

its representatives who provide the Debtors with written notice 48 hours prior to the Auction shall be permitted to attend the Auction.

9. Bidding at the Auction will be transcribed.

10. The Sale Hearing is scheduled to be held on April 16, 2014, at 1:00 p.m. (prevailing Eastern Time) before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801. The Debtors will seek the entry of an order of this Court at the Sale Hearing approving and authorizing the Sale to the Stalking Horse Bidder or such other party who is the Successful Bidder, on terms and conditions consistent with the Stalking Horse Agreement, as may be amended and modified, or the Contemplated Transaction Documents of another Successful Bidder.

11. The form and scope of the Notice of Auction and Sale Hearing attached hereto as Exhibit 2 is reasonable and appropriate and is hereby **APPROVED** and incorporated herein as if fully set forth herein.

12. The Debtors are hereby authorized and directed to serve copies of this Order and the Notice of Auction and Sale Hearing, in substantially the form attached hereto as Exhibit 2, no later than one (1) business day after entry of this Order, by first class mail, postage prepaid, or other method reasonably calculated to provide notice of the Sale and the Auction, upon: (i) the Office of the United States Trustee; (ii) counsel for the Stalking Horse Bidder; (iii) counsel to the Lender, (iv) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past four (4) months; (v) all creditors of the Debtors and entities known to have asserted any Encumbrances and Interests in or upon an of the Purchased Assets; (vi) all federal, state, county and local and foreign regulatory or taxing authorities or recording

offices which have a reasonably known interest in the relief requested by the Motion; (vii) all counterparties to any contract or leases, whether executory or not and whether unexpired or not; (viii) the United States Attorney's office; (ix) the Internal Revenue Service; (x) the Pension Benefit Guaranty Corporation; (xi) Union Brotherhood of Carpenters and Joiners of America, Carpenters Industrial Council, Local #8093; (xii) Laborers' International Union of North America, Local Union #741; (xiii) International Association of Machinists, Local Lodge #2918; (xiv) all of Debtors' insurers; (xv) all known holders of claims against and equity interests in Debtors, (xvi) all entities filing notices of appearance or requests for notice under Bankruptcy Rule 2002 in these Chapter 11 Cases as of the date of this Order; and (xvii) to the extent not already included above, all parties in interest listed on Debtors' creditor matrix. The Debtors are hereby further authorized and directed to publish the Notice of Auction and Sale Hearing in the *Chicago Tribune,* the *Indianapolis Star* and *USA Today*, promptly after entry of this Order. Such service and publication shall constitute good and sufficient notice of the sale of the Purchased Assets, this Order, the Auction, the Sale Hearing and all proceedings to be held thereon.

13. The Expense Reimbursement and the termination provisions of Section 11 of the Stalking Horse Agreement are **APPROVED.**

14. The Debtors are hereby authorized and directed without the need for further order of this Court to pay the Expense Reimbursement in the event that the Stalking Horse Bidder is not the Successful Bidder, regardless of whether the Stalking Horse Bidder elects to submit an Overbid.

15. The Expense Reimbursement constitutes an allowed administrative expense claim pursuant to Bankruptcy Code §§ 503(b)(1)(A) and 507(a)(2).

16. No person or entity, other than the Stalking Horse Bidder shall be entitled to any expense reimbursement or break-up fee, topping, termination or other similar fee or payment. Any bidder that seeks payment of such fees from Debtors in connection with any bid shall not be a Qualified Bidder and shall be excluded from the Auction and Sale Hearing.

17. The form and scope of the Cure Notice attached hereto as <u>Exhibit 3</u> is reasonable and appropriate and is hereby **APPROVED** and incorporated herein as if fully set forth herein.

18. No later than twenty (20) days prior to the Sale Hearing, the Debtors shall serve by first class mail or hand delivery a Cure Notice on all counterparties to any executory contract or unexpired lease.

19. All objections, if any, to the proposed assumption and assignment of the Assumed Contracts, including but not limited to, objections to the Cure Costs and the ability of the Stalking Horse Bidder to provide adequate assurance of future performance, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) to the extent it challenges a scheduled Cure Cost, set forth the cure amount being claimed by the objecting party and provide appropriate documentation to support its objection; (d) be filed with the clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 North Market Street, Wilmington Delaware 19801 by no later than ten days before the Sale Hearing (the "Cure Objection Deadline"); and (e) be served upon (i) co-counsel to the Debtors, McDonald Hopkins LLC, 600 Superior Avenue, East, Suite 2100, Cleveland, Ohio, 44114-2653, Attn: Paul W. Linehan, Esq.; (ii) co-counsel to the Debtor, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899, Attn: Derek C. Abbott, Esq.; (iii) co-counsel to the Lender, Vedder Price P.C., 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601, Attn: Douglas J. Lipke, Esq.; (iv) co-counsel to the Lender, Pepper

Hamilton LLP, Hercules Plaza, 1313 Market Street, Suite 5100, P.O. Box 1709, Wilmington, Delaware 19899-1709, Attn: David B. Stratton, Esq.; and (v) Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (collectively, the "Notice Parties"), so as to be received no later than the Cure Objection Deadline.

20.  Unless otherwise agreed to between the parties to the Assumed Contracts and the Stalking Horse Bidder (or if not the Stalking Horse Bidder, with the consent of the Successful Bidder), the Stalking Horse Bidder or other Successful Bidder, as the case may be, in accordance with, and as limited by, the terms of the Stalking Horse Agreement (or the Contemplated Transaction Documents of the Successful Bidder) shall cure those defaults at the closing that are required to be cured in accordance with Bankruptcy Code § 365(b) by payment of the undisputed portion of the Cure Costs and/or reserving amount with respect to the disputed portion of the Cure Costs.  If no objection is timely received, the Cure Costs set forth in the Cure Notice shall control without regard to anything contrary in the Assumed Contract or any other document as of the date of the Cure Notice.

21.  Notwithstanding anything to the contrary herein, through the date of Closing, the Stalking Horse Bidder or other Successful Bidder, as the case may be, shall have the right to (a) exclude from the Purchased Assets any executory contract and/or unexpired lease from the list of Assumed Contracts, and in such case any such excluded executory contract and/or unexpired lease shall constitute an Excluded Asset and shall not constitute, for any purpose whatsoever, a Purchased Asset and (b) include any executory contract and/or unexpired lease and, in such case any such included executory contract and/or unexpired lease shall constitute a Purchased Asset. Neither the Debtors, the Stalking Horse Bidder nor other Successful Bidder shall incur any

liability, obligation, or debt in connection with or related to such Excluded Assets, with the exception of rejection damages claims against the Debtors related to such Excluded Assets.

22. In the event the Stalking Horse Bidder is not the Successful Bidder, at the conclusion of the Auction the Debtors will file with the Bankruptcy Court a notice identifying the Successful Bidder. Objections to the assumption, assignment and/or transfer of an Executory Contract and/or Unexpired Lease to the Successful Bidder (not the Stalking Horse Bidder) solely on the basis of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code must, by 12:00 p.m. (Prevailing Eastern Time) on April 17, 2014, be filed with the Bankruptcy Court and served upon Objection Notice Parties and the Successful Bidder.

23. In the event a party to an Assigned Contract files a timely objection asserting a higher cure amount than the Cure Cost, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under Bankruptcy Code § 365 with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by this Court. All other objections to the proposed assumption and assignment of the Assigned Contracts will be heard at the Sale Hearing.

24. Any responses or objections to the relief to be considered at the Sale Hearing, including, but not limited to, the Debtors' request to approve the sale of the Purchased Assets, shall be (a) in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 North Market Street, Wilmington Delaware 19801 by April __9__, 2014, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"); and (d) be served upon the Notice Parties, so as to be received no later than the Objection Deadline.

25. This Order shall be effective and enforceable immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h), 6006(d) and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply.

26. To the extent that any provision of this Order conflicts with the Asset Purchase Agreement, this Order shall control.

27. This Court retains jurisdiction to hear and determine all matters related to the implementation or interpretation of this Order.

28. The Debtors may take any actions reasonably necessary to implement the relief granted in this Order without further intervention of the Court and without further notice or hearing.

Dated: March 13, 2014
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE